IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JESSICA TRACY (f/k/a Jessica Weaver) and EDWARD TRACY,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 2:17-cv-356 |
| **USAA CASUALTY INSURANCE COMPANY, and Fictitious Defendants A-T,** ) ) ) ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

COMES NOW **USAA Casualty Insurance Company** (hereinafter referred to as "USAA CIC") and removes this cause to the United States District Court for the Southern District of Alabama, Northern Division, respectfully showing unto this Court as follows:

1. This civil action was filed on July 3, 2017 in the Circuit Court of Wilcox County, Alabama and was pending in that state court as CV-2017-900041.00 at the time of this removal. According to records of the Wilcox County Circuit Court, USAA CIC was served with the summons and complaint on July 7, 2017. Accordingly, this notice of removal is filed within the thirty-day period of time prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stinging, Inc*., 119 S.Ct. 1322 (1999). Pursuant to 28 U.S.C. § 1446(a), a true, correct and legible copy of all records and proceedings in the state court is attached hereto as **Exhibit A.**

2. **Complete Diversity of Citizenship Exists Between the Real and Proper Parties**. This Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper

pursuant to 28 U.S.C. § 1441, in that there is diversity of citizenship among the real and proper parties in interest as follows:

    (a)    The Complaint avers that Jessica Tracy and Edward Tracy ("Plaintiffs") are resident citizens of Wilcox County, Alabama. *See* **Exhibit A**, Compl., ¶ 1.

    (b)    The insurance policy in question was issued by Defendant USAA CIC. *See* **Exhibit B**. USAA CIC is an insurance company organized and existing under the laws of the State of Texas, with its principal place of business in San Antonio, Texas, which would establish diversity. *See* **Exhibit C**, Conflict Disclosure Statement.

    3.    **The Amount in Controversy Exceeds $75,000.00**. In addition to diversity of citizenship among the real and proper parties to this cause, this Court has jurisdiction under 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441, given that the amount in controversy exceeds $75,000, exclusive of cost and interest.

Plaintiffs allege to have suffered 1) various injuries to their person and property, 2) mental anguish, and 3) emotional distress and request an unspecified amount of both compensatory and punitive damages in the Complaint. See **Exhibit A,** Comp. ¶¶ 16-17, 30-31, 44-45, 58-59, 72-73, 86-87.

When a plaintiff makes a demand for an unspecified amount of damages, a removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See, e.g., *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) overruled on other grounds by *Cohen v. Office*

*Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); see also *Leonardv. Enterprise Rent A Car,* 279 F.3d 967, 972 (11th Cir. 2002).

The Court in *Steel v. Underwriters Adjusting Co.* dealt with the removal of a state court claim when the plaintiff asked for an unspecified amount of punitive damages. *Steel v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986). The *Steel* Court reasoned that allowing a plaintiff to avoid federal jurisdiction by claiming unspecified damages would violate the court's notions of procedural fair play, and stated, *Id*. at 1415:

> To allow [a plaintiff to avoid federal jurisdiction by claiming unspecified damages] would violate this court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices….
>
> The plaintiff should not be allowed to rob Underwriters of its right to remove by demanding such damages as may be "fairly ascertained by the jury." Permitting such practice allows the Plaintiff to "have his cake and eat it too." In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for a jury to return a verdict well in excess of [the statutory amount.] Such an approach is simply unfair and will not be permitted by this court. *Id*. at 1415-16.

In cases where the amount in controversy is not facially apparent from the complaint, a court may look to "any evidence submitted by the parties relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Eleventh Circuit further noted in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty

3

about it." Further, the Court held that a defendant may "submit its own evidence in order to satisfy the jurisdictional requirements of removal." *Id.* at 756.

Plaintiffs here have demanded that USAA CIC pay 75% of the limits available under Coverage C- Personal Property Protection coverage in the applicable Homeowner's Policy. *See* **Exhibit D**, Plaintiff's correspondence dated June 26, 2017.  Given that the Coverage C- Personal Property Protection coverage limit in the applicable Homeowner's Policy is $180,750, Plaintiff's demand for 75% of said limit equals $135,562.50. *See* **Exhibit B**, Homeowners Policy. Accordingly, a preponderance of the evidence exists that the jurisdictional amount in controversy has been met. For these reasons, the amount in controversy in this case clearly exceeds $75,000, exclusive of interest and costs, and this Court has jurisdiction of this matter pursuit to 28 U.S.C.§ 1332.

5. **Removal Perfected**.  As set forth above, diversity of citizenship exists between the proper parties in this case, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1446, as amended, the action is removed to this Court.

6. **Notice Provided to the State Court**.  In accordance with 28 U.S.C. § 1446(d), Defendant has caused a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Wilcox County, Alabama. *See* **Exhibit E**, which is a copy of the aforesaid Notice.

Respectfully submitted this 4th day of August, 2017.

                                                                          */s/ Felicia A. Long*  
                                                                          Felicia A. Long (ASB-5532-F61L)  
                                                                          Counsel for USAA Casualty  
                                                                          Insurance Company

**OF COUNSEL:**  
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**  
Post Office Box 116  
Montgomery, Alabama 36101-0116  
Email: flong@hillhillcarter.com  
TEL: (334) 834-7600  
FAX: (334) 386-4394  

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this the 4th day of August, 2017.

Jessica L. Tracy  
5935 County Road 2  
Pine Apple, AL 36768  

Edward F. Tracy  
5935 County Road 2  
Pine Apple, AL 36768  

                                                                          */s/ Felicia A. Long*  
                                                                          Of Counsel