# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JESSICA TRACY, etc. et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0356-WS-MU |
| | ) |
| USAA CASUALTY INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiffs' motion to remand and second motion to remand. (Docs. 8, 12). The parties have filed briefs in support of their respective positions, (Docs. 8, 10-12, 15-16),[1] and the motions are ripe for resolution.

The defendant is the plaintiffs' home insurer. The complaint alleges the home was destroyed by fire and asserts causes of action for breach of contract and various state-law torts. The complaint does not demand any particular amount of damages. (Doc. 1-1 at 3-9). However, the plaintiffs demanded payment of 75% of the contents coverage, on the grounds that the policy requires such payment, without inventory, in the event of a total loss. (Doc. 1-4 at 2). The policy provides contents coverage in the amount of $180,750, (Doc. 1-2 at 5), so it is clear the complaint demands in excess of $75,000, exclusive of interest and costs. The plaintiffs do not disagree with this assessment.

Instead, the plaintiffs argue that complete diversity of citizenship is lacking. The complaint alleges that the plaintiffs are citizens of Alabama. (Doc. 1-1 at 3).

---

[1] The defendant filed a surreply without authorization. (Doc. 15). Accordingly, it will not be considered. This ruling has little effect, since the defendant makes the same argument in its brief in opposition to the plaintiff's second motion to remand.

The defendant says it is a citizen of Texas, (Doc. 1 at 2; Doc. 1-3 at 2-3), but the plaintiffs invoke Section 1332(c)(1)(A) for the proposition that the defendant by law shares their citizenship. As the defendant points out, Section 1332(c)(1)(A) applies only to a "direct action," and "for purposes of demonstrating diversity, a direct action is one in which an injured *third-party claimant* sues an insurance company for payment of a claim without first joining or obtaining judgment against the company's insured." *Kong v. Allied Professional Insurance Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) (emphasis added); *accord Fortson v. St. Paul Fire and Marine Insurance Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) ("We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed *could be imposed against the insured*, the action is not a direct action" for purposes of Section 1332(c)(1)(A)) (emphasis added). The plaintiffs are not third-party claimants, and the liability they seek to impose on the defendant could not be imposed on themselves. Quite plainly, this is not a direct action for diversity purposes. The defendant pointed this out, and the plaintiffs offer no argument to the contrary.

Instead, the plaintiffs change tacks. In their reply brief and in their second motion to remand, they advise the Court that they have filed an amended complaint that substitutes an Alabama citizen for a fictitious defendant. That amendment, they say, destroys diversity and requires remand. Except that the plaintiffs have not in fact filed an amended complaint, nor (despite their representation to the contrary) is such a document attached to their reply brief or second motion. The defendant describes the amended complaint (which it believes was filed in state court post-removal) as "void," but it would appear more precisely to be non-existent. The plaintiffs are of course free to seek leave to file an amended complaint in this Court, but any such effort will be subject to Section 1447(e).

Pursuant to Section 1332(c)(1), the citizenship of a corporation is determined by its state (or states) of incorporation and the state of its principal

place of business. The citizenship of any unincorporated entity is determined by other means. *E.g., Rolling Hills MHP, L.P. v. Comcast SCH Holdings, L.L C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The defendant has not directly addressed whether it is a corporation; instead, it describes itself as a "company," which could be an unincorporated entity such as a limited liability company. *E.g., id*. Therefore, the defendant is **ordered** to file and serve, on or before **October 26, 2017**, proof (by evidence and not merely by unsworn assertion) that it is a corporation, along with its state(s) of incorporation and principal place of business or, if it is not in fact a corporation, proof of its citizenship as an unincorporated entity. Should the defendant do so, the Court will deny the plaintiffs' motions to remand; should the defendant fail, the Court will grant the plaintiffs' motions and remand this action for want of subject matter jurisdiction.

DONE and ORDERED this 17th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE