IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSICA TRACY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-356-JB |
| | ) |
| USAA CASUALTY INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant USAA Casualty Insurance Company's Motion for Summary Judgment. (Doc. 34). After reviewing the submissions of the parties, the record, the law, and having heard oral argument, the Court finds this motion is well taken.

### I. FACTS

On or about July 2, 2015, a house at 265 Adams Drive, Pine Apple, Alabama that Plaintiff Jessica Tracy owned was damaged by a fire (Doc. 1-1, p. 4). At the time of the fire, the house was insured under a homeowners policy issued by Defendant. (Doc. 1-2). Mrs. Tracy obtained the homeowners policy five days before the fire occurring. (Doc. 35-2, p. 3). Mrs. Tracy and her husband Edward Tracy ("Plaintiffs") claimed to both have had items in the house damaged by the fire. (Doc. 1-1).

After the fire occurred, Plaintiffs demanded the policy limits available under Mrs. Tracy's homeowners policy for Coverage A- Dwelling, Coverage C- Personal Property, Coverage D- Additional Living Expense, and Additional Coverage- Debris Removal. (Doc. 35-2; Doc. 1-4).

Defendant inspected the property and conducted its claim investigation immediately following the fire. However, Plaintiffs delayed providing, and sometimes failed to provide, Defendant with certain information and documents requested during the investigation of the claim and postponed their examinations under oath. (Doc. 35-2, p. 4).

But Defendant paid the policy limits of $241,000 available under Coverage A- Dwelling, advanced six months of additional living expenses under Coverage D- Additional Living Expense, and paid an agreed upon amount for Additional Coverage- Debris Removal. Defendant did not pay the full benefits Plaintiffs claimed under Coverage C- Personal Property given that Plaintiffs did not provide an inventory and supporting documentation to support said claim. (Doc. 35-2, p. 5). Defendant also did not pay benefits over six months under Coverage D- Additional Living Expense given that Plaintiffs did not provide receipts to support any additional funds being paid. (*Id.*).

Before suing, Plaintiffs did not request that Defendant provide any of the following benefits under the applicable homeowners policy or provide any documentation to Defendant to support these various coverage categories: Outbuildings; Trees/shrubs/lawns/; Special Refrigerator/Freezer Contents; Home Locks; Pine Apple Volunteer Fire Department fee; Electronic Media; Waiver of Deductible for Military Personal Property; Reimbursement of any Premium Amount. (Doc. 35-2, p. 8).

Plaintiffs alleged that Defendant breached the policy of insurance and committed bad faith by not paying more than it did and purportedly delaying payment of their homeowners claim (Doc. 1-1). Defendant moves for summary judgment on Plaintiffs' claims for breach of contract (Count

I), bad faith (Count VI), negligent infliction of emotional distress (Count III), intentional infliction of emotional distress (Count IV), and misrepresentation (Count V).[1]

When Plaintiffs filed their Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 42) ("Response Brief"), they failed, under Rule 56, Fed. R. Civ. P., to submit any affidavits, deposition testimony, or other relevant and admissible evidence to rebut Defendant's properly supported Motion for Summary Judgment, and supported none of the allegations or conclusory statements made in their Response Brief with specific, pinpoint citations to the record as required by S.D. Ala. Civ. R. 56.[2]  Thus, all material facts in the Narrative Statement of Undisputed Material Facts section of Defendant's Motion for Summary Judgment are deemed admitted.

## II.   ANALYSIS

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   The Eleventh Circuit has held that:

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment

---

[1] In the parties Joint Pretrial Document (Doc. 50) it was acknowledged that Plaintiffs were no longer pursuing their negligent infliction of emotional distress (Count III) intentional infliction of emotional distress (Court IV) and misrepresentation (Court V) claims.   This was confirmed on the record during the January 8, 2019 hearing.

[2] The Court advised Plaintiffs via a Court Order (Doc. 39) of their need to comply with Rule 56, Fed. R. Civ. P., and provided specific instructions that they must oppose the motion with affidavit(s) and that any documents referred to in the affidavit(s) must be attached.

unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000)(quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995))(alteration in original).

### A. Defendant's Motion for Summary Judgment as to Plaintiffs' Breach of Contract Claim (Count I).

Plaintiffs assert that Defendant breached the contract of insurance by delaying the payment of their claims under the homeowners policy and by not providing Plaintiffs with payments sufficient to provide them an equivalent standard of living as before the fire loss. (Complaint, ¶¶ 13-4 (Doc. 1-1)).

For Plaintiffs to prove a breach of contract claim, Plaintiffs must produce substantial evidence showing: (1) the existence of a valid contract between Plaintiffs and Defendant, (2) performance by the Plaintiffs under the contract, (3) Defendant's failure to perform, and (4) resulting damage. *State Farm Fire and Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999) (citing *So. Medical Health Sys. v. Vaughn*, 669 So.2d 98, 99 (Ala. 1995)).

It is well settled that an insured has the obligation to satisfy all contractual conditions precedent to coverage before suing for breach of the insurance contract. *Nationwide Ins. Co. v. Nilsen*, 745 So.2d 264, 267 (Ala. 1998). In *Hillery v. Allstate Indem. Co.*, 705 F. Supp. 2d 1362, (S.D. Ala. 2010), this Court held that a policy provision in a homeowners policy, found under a section titled "What You Must Do After A Loss," required the insured to provide an inventory list and that failing to fulfill this obligation amounted to a breach of a strict condition precedent to

coverage. The *Hillery* court stated, "the law is clear that an insurer's obligation to pay covered claims under a policy of insurance is not triggered until the insured complies with the insurer's reasonable requests for statements and documents pursuant to a 'duties after loss' provision." *Id*. (citing *Nilsen*, 745 So. 2d at 266). *See also United Ins. Co. of America v. Cope*, 630 So.2d 407, 412 (Ala. 1993), and *Pittman v. State Farm Fire and Cas. Co.*, 868 F.Supp.2d 1335 (2012).

Defendant argues that Plaintiffs cannot support their breach of contract claim because Plaintiffs violated their duties after loss, which are strict conditions precedent to coverage. Defendant's argument is correct.

The homeowners policy specifically states:

**SECTION I – CONDITIONS**

2. Your Duties After Loss. In case of a loss to which this insurance may apply you must see that the following are done:
   …
   e. Cooperate with us in the investigation of a claim;

   f. At our request prepare an inventory of claimed personal property showing the quantity, description, age, replacement cost and amount of loss. Include with the inventory all bills, receipts and related documents that support the items listed and substantiate the figures shown in the inventory;

   g. As often as we reasonably require:

      (1) Show the damaged property;
      (2) Provide us with records and documents we request and permit us to make copies;
   …

   h. Send to us, within 60 days after our request, your signed proof of loss which sets forth, to the best of your knowledge and belief:
   …
      (3) Other insurance which may cover the loss:

5

    ...
    (6)    The inventory of claimed personal property described in 2.f. above;
    (7)    Receipts for Additional Living Expenses and Temporary Living Expenses incurred and records that support the Fair Rental Value loss;

(Doc. 36-1, pp. 190-193 of 214)

The Plaintiffs failed and refused to produce to Defendant an inventory and documentation to support a claim under Coverage C- Personal Property, documents and receipts to support a payment beyond the $8,060.86 the Plaintiffs were paid for Coverage D- Additional Living Expense benefits, a supplemental policy in effect during the loss with American Collectors Insurance, Plaintiffs' complete cellular telephone statements from April-July of 2015, and Plaintiffs' monthly bank statements from 2014-2015. Plaintiffs' failure to produce an inventory of personal property items they claim were damaged in the fire, receipts to support their additional living expense claim, and other reasonable documents requested by the Defendant breaches the Plaintiffs' post-loss duties under the policy, which are strict conditions precedent to coverage.

Plaintiffs admit that they did not produce an inventory to support their claim under Coverage C- Personal Property but attempt to argue that they should receive 75% of the insurance benefits available under Coverage C- Personal Property, without having to produce an inventory, given Endorsement HO-SLS9(02) titled "Special Loss Settlement." However, the policy endorsement for a "Special Loss Settlement" does not nullify the insured's duty to produce an inventory as a post-loss condition under Section 1-Conditions of the homeowners policy, which is a strict condition precedent to coverage.

As for Plaintiffs' contention there was a delay in the payment of Plaintiffs' claim, the homeowners policy does not specify a period a payment must be made. Claims vary and are evaluated case-by-case. In the claim at hand, Plaintiffs requested that their examinations under oath be delayed and then failed to produce documents requested by Defendant during the claim investigation. Any alleged "delay" would be due to the Plaintiffs' failure to cooperate and meet their post-loss duties.

Given that Plaintiffs cannot meet the second element of their breach of contract claim, Defendant is entitled to summary judgment.

### B. Defendant's Motion for Summary Judgment as to Plaintiffs' Bad Faith Claim (Count VI).

The only other claim being pursued by Plaintiffs is bad faith, which is based on the same set of allegations on which they premised their breach of contract claim. (Doc. 1-1, Complaint, ¶¶ 68-79). To survive summary judgment on their bad faith claim, Plaintiffs must produce substantial evidence of these elements:

> "(a) an insurance contract between the parties and a breach thereof by the defendant;
>
> (b) an intentional refusal to pay the insured's claim;
>
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
>
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

> In short, plaintiff must go beyond a mere showing of nonpayment and prove a *bad faith* nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim."

*Slade*, 747 So.2d at 304 (quoting *National Sec. Fire & Cas. Co. v. Bowen*, 417 So.2d 179, 183 (Ala. 1982))(emphasis in original).

Plaintiffs' failure to support a breach of contract claim bars any claim for bad faith as a matter of law. Defendant had plainly legitimate and arguable reasons for not paying additional monies under Coverage D- Additional Living Expense and Coverage C- Personal Property. And there is no evidence of malicious or wrongful intent by Defendant. Defendant is entitled to summary judgment on Plaintiffs' bad faith claim.

### III.   CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Doc. 34) is **granted** and this action is **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions are **denied as moot**.

**DONE and ORDERED** this 7th day of May, 2019.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE